```
DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiffs
SHAWN D. PAGE & KRISTIN E. PAGE
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. PAGE & KRISTIN E. PAGE,<br><br>Plaintiffs,<br><br>v.<br><br>PERFORMANCE DEBT RESOLUTION; LAW OFFICES OF HERBERT DAVIS; HERBERT DAVIS, ESQ., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 12 4029<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**  EDL |

## INTRODUCTION

1.   SHAWN D. PAGE and KRISTIN E. PAGE, ("Plaintiffs"), by Plaintiffs' attorney, bring this lawsuit to challenge the actions of PERFORMANCE DEBT RESOLUTION, LAW OFFICES OF HERBERT DAVIS, AND HERBERT DAVIS, ESQ., ("Defendants"), with regard to attempts by Defendants, a debt collector and debt settlors, for

unfair debt collection practices, breach of fiduciary duty, and violations of state and federal statutes, and this conduct caused Plaintiffs' damages.

2. Defendants are entities or natural persons that receive money from consumers and give that money, directly or indirectly, to the consumer's creditors in order to pay the consumer's debts. Because of this, Defendants are debt collectors and must adhere to federal and state debt collection statutes. However, Defendants have repeatedly violated those statutes, and others.

3. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiffs, or to their attorney, which is alleged on personal knowledge.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. §1679h, and 28 U.S.C. § 1367 for supplemental state law claims.

5.  This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and common torts.

6.  Because Defendants do business within the State of California, personal jurisdiction is established.

7.  Venue is proper pursuant to 28 U.S.C. §1391.

**PARTIES**

*PLAINTIFFS*

8.  At all times relevant, Plaintiffs were individuals residing within the State of California.

9.  Plaintiffs are natural persons who reside in the City of Brentwood, County of Contra Costa, State of California and are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt that was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiffs are natural persons who reside in the City of Brentwood, County of Contra Costa, State of California and

are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. §1679b(1).

### DEFENDANTS

12. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

13. Plaintiffs are informed and believe, and thereon allege, that Defendants are companies or individuals operating from the City of Tarzana, County of Los Angeles, State of California.

14. Plaintiffs are informed and believe, and thereon allege, that Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6).

15. Plaintiffs are informed and believe, and thereon allege, that Defendants are a for profit organization or individuals which, at the request of consumers, performs consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to the creditors.

16.  Plaintiffs are informed and believe, and thereon allege, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

17.  Plaintiffs are informed and believe, and thereon allege, that Defendants are not registered with the Department of Justice.

18.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

19.  Sometime before August 25, 2011, Plaintiffs allegedly incurred financial obligations to certain creditors that were money, property, or their equivalent, which is due and owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before August 25, 2011, Plaintiffs became concerned that certain debts owed by Plaintiffs were becoming an unreasonable burden. Plaintiffs then determined that they would try to find a solution so that they could continue to make responsible payments.

22. On or before August 25, 2011, Plaintiffs were reviewing articles on the internet hoping to find advice concerning Plaintiffs' financial affairs and ways to make responsible payments.

23. At that time, Plaintiffs discovered Defendants' website at https://www.performancedebt.com.

24. This website was an advertisement, and Plaintiffs are informed and believe, and thereon allege, Defendants are not registered with the Department of Justice, Defendants violated Cal. Civ. Code §1789.13(i).

25. Plaintiffs are informed and believe, and thereon allege, Defendants have failed to maintain an agent for service of process in the State of California, and consequently Defendants have violated Cal. Civ. Code §1789.13(j).

26. On this site, Defendants advertised that Defendants could reduce total unsecured debts up to 49%.[1]

27. On this same site Defendants stated that Defendants were offering a "Debt Resolution" system where they work in partnership with customers and their attorneys to negotiate a reasonable reduction in the total amount of debt outstanding.

28. On this site, Defendants represent that under their program the client does not have to "write off differences as a taxable income."

29. Defendants explained that Defendants' program would require Plaintiffs to agree to automatic monthly payments to Defendants as soon as Plaintiffs were accepted into the program.

30. Defendants represented that Defendants were Plaintiffs' partners in Plaintiffs' financial freedom and that their program would put Plaintiffs on a path to future financial freedom.

31. In reality, Defendants' program was designed in such a manner that Defendants' charged and received money for the performance of a service which Defendants have agreed to perform for the consumer before such service is fully performed. This money was to be paid, and was in fact paid, by Plaintiffs prior to any service by Defendants.

---

[1] https://www.performancedebt.com/

32. Plaintiffs are informed and believe, and thereon allege, that Defendants are debt collectors pursuant to the FDCPA because Defendants' program is designed in such a way that Defendants regularly take money from consumers and subsequently pay this money to the creditors that are owed money by those consumers, either directly and indirectly, as defined in 15 U.S.C. §1692a(6).

33. Plaintiffs are further informed and believe, and thereon allege, that Defendants are a for profit organization which, at the request of consumers, perform consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors, and is therefore a debt collector pursuant to 15 U.S.C. §1692a(6)(E).

34. Plaintiffs are also informed and believe, and thereon allege, that Defendant is a person who takes money from consumers and subsequently pays this money to the creditors that are owed money by those consumers, either directly or indirectly, and regularly engages in debt collection because Defendants are an organization that assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to the creditors of those consumers, and this is a practice in connection with the

collection of consumer debts as defined in Cal. Civ. Code §1788.2.

35. Defendants charged or received money or other valuable consideration prior to full and complete performance of the services Defendants agreed to perform for or on behalf of the Plaintiffs.

36. Defendants failed to perform the agreed services within six months following the date the Plaintiffs signed a contract for those services.

37. Through this action or inaction, Defendants violated Cal. Civ. Code §1789.13(a) and (b).

38. During this discussion between Plaintiffs and Defendants, Defendants falsely stated to Plaintiffs that under Defendants' program, Plaintiffs would not have to declare the forgiven debt as taxable income to the IRS.

39. Plaintiffs are informed and believe, and thereon allege, that Defendants' program was designed to place the debts owed or alleged to have been owed to Plaintiffs' creditors in such serious default that Plaintiffs' creditors would feel their best, and perhaps only, course of conduct was to negotiate with Defendants.

40. Plaintiffs entered into a contract with Defendants, agreed to pay, and did pay, to Defendants, money prior to any service being performed by Defendants. Prior to the execution

of this contract or agreement between the Plaintiffs and Defendants, Defendants failed to provide Plaintiffs a statement in writing, containing all the information required by Cal. Civ. Code §1789.15 and Cal. Civ. Code §1789.16, and consequently, violated Cal. Civ. Code §1789.14 and Cal. Civ. Code §1789.16.

41. By entering into this agreement with Plaintiffs, Defendants incurred a fiduciary duty to Plaintiffs and Defendants were thereafter acting on behalf of Plaintiffs for the purposes of dealing with Plaintiffs' debts.

42. Subsequently, Defendants failed to act as a reasonably careful "debt negotiator" would act under the same or similar circumstances and this failure caused Plaintiffs harm and the conduct of Defendants was a substantial factor in causing Plaintiffs' harm.

43. At no point did Defendants ever provide the disclosures required by 15 U.S.C. §1679d, in violation of the CROA.

44. Defendants' program was designed in such a fashion that least sophisticated consumers were placed, without their knowledge, in a position wherein these consumers were likely to be sued by their creditors, and consequently, Defendants would be able to "negotiate" with the debtor due to the debt being seriously in arrears, and in violation of 15 U.S.C. §1692f, Cal. Civ. Code §1788.17 and Cal. Civ. Code §1788.13(i).

45. Because Defendants were charging or receiving money or other valuable consideration for the performance of a service that Defendants had agreed to perform before such service is fully performed, Defendants were in violation of the CROA, including 15 U.S.C. §1679c(b).

46. Defendants' conduct was in violation of 15 U.S.C. §1679e because any written and dated contract did not meet the requirements described in 15 U.S.C. §1679e(a)(1).

47. Defendants' conduct was in violation of 15 U.S.C. §1679e because any written and dated contract did not meet the requirements described in 15 U.S.C. §1679e(b).

48. Defendants' conduct was in violation of 15 U.S.C. §1679f.

49. The contract entered into between Plaintiffs and Defendants is now void as a matter of law, pursuant to 15 U.S.C. §1679g(c), and all monies paid to Defendants by Plaintiffs must be returned.

50. The conduct of Defendants constituted the use unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f. Consequently, Defendants violated Cal. Civ. Code §1788.17.

51. Defendants failed within five days after this initial communication with Plaintiffs, to provide written notification containing a statement that unless the consumer, within thirty

COMPLAINT FOR DAMAGES                                          Page 11

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and failed within five days after the initial communication with Plaintiffs to provide a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and that the debt collector will provide the consumer with the name and address of the original creditor, thereby violating 15 U.S.C. §§1692e, 1692e(10), 1692f, and 1692g. Because of this omission, Defendants also violated Cal. Civ. Code §1788.17.

52.  Defendants, a third party, and a debt collector as defined pursuant to Cal. Civ. Code §1788.2(c), failed, in the manner prescribed by Cal. Civ. Code §1812.700(b) or Cal. Civ. Code §1812.701(b), to provide a notice to Plaintiffs as prescribed in Cal. Civ. Code §1812.700(a). Consequently, pursuant to Cal. Civ. Code §1812.702, this omission by Defendants violated the RFDCPA, Cal. Civ. Code 1788 et seq.

53.  The activity of Defendants with regard to Plaintiffs, including, but not limited to the activity and omissions described in this Complaint, amounts directly or indirectly to

the practice of fraud or deception upon a person, or a course of business which operates or would operate as a fraud or deception upon a person, in connection with the offer or sale of the services of a credit services organization in violation of Cal. Civ. Code §1789.13(h).

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

54. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

///

///

///

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

59. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## COUNT III

### NEGLIGENCE

60. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions created a fiduciary duty between Plaintiffs and Defendants in that Defendants were acting on behalf of Plaintiffs for the purposes of dealing with Plaintiffs' debts.

62. Defendants failed to act as a reasonably careful "debt negotiator" would act under the same or similar circumstances.

///

63. As a result of this failure, Plaintiffs were harmed.

64. The conduct of Defendants was not a substantial factor in causing Plaintiffs' harm.

65. As a result of this common law tort, Plaintiffs are entitled to damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendants;

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**NEGLIGENCE**

- an award of general, special, and actual damages in an amount to be determined at trial;
- an award of pre-judgment interest at the legal rate;
- punitive damages in an amount exceeding $500,000;
- an award of reasonable attorney fees and costs associated with the suit;
- any other relief this Court deems just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

DATED: July 26, 20121                Respectfully submitted,

DELTA LAW GROUP

BY: _____
JIM G. PRICE
Attorneys for Plaintiffs
SHAWN D. PAGE & KRISTIN E. PAGE

**VERIFICATION**

I, SHAWN D. PAGE, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 26 day of July, 2012, at Brentwood, California.

_____
SHAWN D. PAGE

**VERIFICATION**

I, KRISTIN E. PAGE, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 26 day of July, 2012, at Brentwood, California.

_____
KRISTIN E. PAGE