IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. PAGE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>PERFORMANCE DEBT RESOLUTION, et al.,<br><br>        Defendants.                  / | No. C -12-04029 EDL<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

On July 31, 2012, Plaintiffs Shawn and Kristin Page filed a complaint against Defendants Performance Debt Resolution, Law Offices of Herbert Davis and Herbert Davis, Esq., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq. On December 17, 2012, Plaintiffs filed a motion for default judgment against Defendants Law Offices of Herbert Davis and Herbert Davis, Esq. ("Defendants"). The motion came on for hearing on January 22, 2013. Attorney Jim Price appeared for Plaintiffs, and Plaintiff Kristin Page appeared. Defendants did not file an opposition to Plaintiffs' motion and did not appear at the hearing. Having considered Plaintiffs' motion, accompanying declarations and all other evidence in the record, the Court recommends that the motion be granted. Because all parties have not consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), this matter will be reassigned to a district court judge.

**Background**

As alleged in the complaint, sometime before August 25, 2011, Plaintiffs allegedly incurred financial obligations to certain creditors that constituted debt or consumer debt under the FDCPA and/or the RFDCPA. Compl. ¶ 19. Plaintiffs allege that these financial obligations were primarily

for personal, family or household purposes. Compl. ¶ 20. Sometime before August 25, 2011, Plaintiffs became concerned that certain debts owed by them were becoming an unreasonable burden. Compl. ¶ 21. They determined that they would try and find a solution so they could continue to make responsible payments. Compl. ¶ 21.

On or before August 25, 2011, Plaintiffs reviewed articles on the Internet, hoping to find advice concerning Plaintiffs' financial affairs and ways to make responsible payments. Compl. ¶ 22. At that time, Plaintiffs discovered Defendants' website. Compl. ¶ 23. Plaintiffs allege that the website was an advertisement. Compl. ¶ 24. On this site, Defendants allegedly advertised that Defendants could reduce total unsecured debts by up to 49%. Compl. ¶ 26. Defendants also allegedly advertised that they were offering a debt resolution system under which they work in partnership with customers and their attorneys to negotiate a reasonable resolution in the total amount of debt owed. Compl. ¶ 27. Defendants also allegedly advertised that under the debt resolution system, clients would not have to "write off differences as a taxable income." Compl. ¶ 28. Defendants explained that their program would require Plaintiffs to agree to automatic monthly payments to Defendants as soon as Plaintiffs were accepted into the program. Compl. ¶ 29. Defendants allegedly represented that they were Plaintiffs' partners in Plaintiffs' financial freedom and that their program would put Plaintiffs on a path to future financial freedom. Compl. ¶ 30. Plaintiffs allege that they entered into a contract with Defendants. Compl. ¶ 40.

Plaintiffs allege that in reality, Defendants' program was designed so that Defendants charged and received money for the performance of a service which Defendants have agreed to perform for the consumer before such service is fully performed. Compl. ¶ 31. Plaintiffs allege that this money was paid by Plaintiffs prior to any service by Defendants. Compl. ¶ 31. Plaintiffs allege that Defendants' program was designed to place the debts owed to Plaintiffs' creditors in such serious default that the creditors would believe that their best, and perhaps only, course of conduct was to negotiate with Defendants. Compl. ¶¶ 39, 44.

Plaintiffs allege that Defendants are debt collectors pursuant to the FDCPA and the RFDCPA. Compl. ¶¶ 32- 34. Plaintiffs allege that Defendants violated the FDCPA by, among other things, failing to provide required disclosures (Compl. ¶ 43), by receiving money for the

1  performance of a service before the service is performed (Compl. ¶ 45), and by using
2  unconscionable means to collect a debt (Compl. ¶ 50).  Plaintiffs allege that Defendants violated the
3  RFDCPA by, among other things, failing to perform the agreed services within six months following
4  the date of the contract (Compl. ¶ 36), by failing to provide a complete copy of the contract (Compl.
5  ¶ 40), and by using unconscionable means to collect a debt (Compl. ¶ 50).

6  After Defendant Davis was served, he telephoned Plaintiffs' counsel's office and stated that
7  he wished to resolve this matter.  Price Decl. ¶ 3.  Plaintiffs' counsel responded with a demand, but
8  Defendant Davis did not respond.  Price Decl. ¶ 3.  Plaintiffs' counsel attempted to reach Defendant
9  Davis two more times, and the messages went unreturned.  Price Decl. ¶ 3.

10  Plaintiffs' complaint seeks statutory and actual damages, costs, and attorneys' fees pursuant
11  to the Fair Debt Collection Practices Act ("FDCPA") and pursuant to the Rosenthal Fair Debt
12  Collection Practices Act ("RFDCPA").  Defendants were served with the summons and complaint
13  on August 24, 2012.  See Docket no. 5, 6.  On motion for entry of default, the clerk entered default
14  as to Defendants on October 12, 2012.  Plaintiffs seek judgment in the amount of $8,700.00 in actual
15  damages, $2,000 in statutory damages, $3,780.00 in attorneys' fees and $589.55 in costs.

16  **Default Judgment**

17  Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter judgment against a
18  defendant against whom a default has been entered, unless the defendant is an infant, incompetent or
19  in military service.  At the January 22, 2013 hearing, Plaintiff Kristin Page testified that Defendants
20  are not minors or incompetent persons, nor in active military service.  See also Supp. Price Decl. ¶ 3.

21  "The general rule of law is that upon default the factual allegations of the complaint, except
22  those relating to the amount of damages, will be taken as true."  Geddes v. United Fin. Group, 559
23  F.2d 557, 560 (9th Cir. 1977) (citing Pope v. United States, 323 U.S. 1, 12 (1944)).  In exercising its
24  discretion to grant default judgment, the court may consider the following factors: (1) the possibility
25  of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of
26  the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning
27  material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy
28  underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  See Eitel v.

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Generally, upon entry of default, the factual allegations of the complaint are taken as true, except for those relating to damages.  See Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (citing Geddes, 559 F.2d at 560).  Here, the Eitel factors weigh in favor of default judgment.

"In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers."  Turner v. Cook, 362 F.3d 1219, 1226–27 (9th Cir. 2004). An aggrieved party may thus recover actual damages, statutory damages and seek an award of attorney's fees and costs where the provisions of the FDCPA have been violated.  15 U.S.C. § 1692k(a).  The Rosenthal Act is California's counterpart to the Federal FDCPA and incorporates its salient provisions.  Cal. Civ. Code § 1788.17.

Plaintiffs' motion for default judgment seeks actual and statutory damages pursuant to both the FDCPA and RFDCPA.  Plaintiffs' FDCPA claim appears to have merit, and the complaint is sufficient to state that claim.  Plaintiffs alleges that they are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) ("any natural person obligated or allegedly obligated to pay any debt") and that Defendant is a "debt collector," as defined in Section 1692a(6) ("any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another").  Compl. ¶¶ 9, 14.

The complaint alleges that Defendants violated Section 1692e, which states that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and more specifically, that Defendants violated Section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," by failing to provide accurate information and notices to Plaintiffs.  Compl. ¶ 51.  Defendants are also alleged to have violated Section 1692f, which states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," by designing their program such that the least sophisticated consumers were placed, without their knowledge, in a position in which these consumers were likely to be sued by their creditors and Defendants would be able to negotiate with the debtor due to the

4

debt being seriously in arrears. Compl. ¶ 44. Plaintiffs also allege that, by failing to timely meet the notice requirements of the FDCPA, Defendants violated Section 1692g, which states: "(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." Compl. ¶ 51.

Further, the RFDCPA claim appears to have merit, and the complaint is sufficient to state that claim. Plaintiffs allege that they are debtors as that term is defined in California Civil Code § 1788.2(h) ("a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person"). Compl. ¶ 10. They allege that Defendants are "debt collectors" as that term is defined by California Civil Code § 1788.2(c) ("any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection"), and sought to collect a consumer debt from Plaintiffs that was due and owing. Compl. ¶ 16.

Plaintiffs allege that Defendants violated California Civil Code section 1788.13(i), which prohibits "[t]he false representation of the true nature of the business or services being rendered by the debt collector," by designing their program in such a way that the least sophisticated consumers were placed in a position where those consumers were likely to be sued by their creditors and consequently, Defendants could negotiate with the debtor because the debt was seriously in arrears. Compl. ¶ 44. Plaintiffs also allege that by failing to comply with the statutory requirements of the

5

1  FDCPA, Defendant violated California Civil Code section 1788.17.  Compl. ¶¶ 44, 50, 51.   These

2  allegations are sufficient to state claims for unfair collection practices under the Rosenthal Fair Debt

3  Collection Practices Act.

4        The remaining Eitel factors also weigh in favor of granting default judgment.  First, if the

5  motion were denied, Plaintiffs would likely be without a remedy; Plaintiffs' counsel attempted to

6  informally resolve the dispute with Defendants, but was unsuccessful.  See Price Decl. ¶ 3.  See also

7  Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion

8  for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

9  Second, the amount of money to be awarded is not completely disproportionate or unreasonable.

10  The Court recommends an award of actual damages and statutory damages for violations of the

11  FDCPA and the RFDCPA, plus costs and reasonable attorneys' fees.  Finally, because Defendants

12  did not file an answer to the complaint, there is little to suggest that there is a possibility of a dispute

13  concerning material facts.  In addition, it is unlikely that Defendants' default was due to excusable

14  neglect: Plaintiff's counsel attempted to resolve the matter before filing this action, and

15  communicated with Mr. Davis by telephone.  Price Decl. ¶ 3.  Furthermore, Plaintiffs served their

16  motion for entry of default and for default judgment on Defendants, but still received no response.

17  See Docket no. 10 (proof of service of Motion for Entry of Default by mail dated October 12, 2012)

18  and Docket no. 17-3 (proof of service of Motion for Default Judgment by mail dated December 17,

19  2012).

20        The Court therefore recommends granting Plaintiffs' motion for default judgment.

21  **Damages and Fees**

22        Plaintiffs seeks statutory penalties in the amount of $1,000 under the FDCPA and $1,000

23  under the RFDCPA.  Remedies under the FDCPA and the RFDCPA are cumulative and penalties

24  may be awarded under both statutes.  See Mejia v. Marauder, 2007 WL 806486, *10-11 (N.D. Cal.

25  Mar. 15, 2007).  The FDCPA provides:

26      This subchapter does not annul, alter, or affect, or exempt any person subject to the
    provisions of this subchapter from complying with the laws of any State with respect
27      to debt collection practices, except to the extent that those laws are inconsistent with
    any provision of this subchapter, and then only to the extent of the inconsistency. For
28      purposes of this section, a State law is not inconsistent with this subchapter if the
    protection such law affords any consumer is greater than the protection provided by

6

this subchapter.

15 U.S.C. § 1692n. Further, the RFDCPA states: "The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." Cal. Civ. Code § 1788.32.

The Court recommends awarding statutory damages under the FDCPA, which provides for civil liability as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a). In determining the amount of liability, a court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Further, the Court also recommends awarding statutory damages under the RFDCPA, which provides for civil liability as follows:

> Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

Cal. Civ. Code § 1788.30(b). Here, Plaintiffs has alleged that Defendants charged and received money prior to the full and complete performance of the services Defendants agreed to perform for Plaintiffs, and failed to perform the agreed services within six months of the execution of the contract between Plaintiffs and Defendants, and placed Plaintiffs in a position where their debts were seriously in arrears, all in violation of the FDCPA and the RFDCPA, which support an award of statutory damages in the maximum amount of $1,000 under each Act.

7

Plaintiffs seek actual damages in the amount of $3,700.00 in unreturned fees that they paid to Defendants for services, and in the amount of $5,000.00 in emotional distress. Under the FDCPA, actual damages may be awarded to a plaintiff as a result of the defendant's failure to comply with its provisions. 15 U.S.C. § 1692k(a)(1). Actual damages include any out-of-pocket expenses as well as damages for personal humiliation, embarrassment, mental anguish or emotional distress. Fausto v. Credigy Servs. Corp., 598 F.Supp.2d 1049, 1054 (N.D. Cal. 2009). Emotional distress damages may be proven in a number of ways, including through corroborating medical evidence or non-expert testimony establishing "manifestations of mental anguish [and the occurrence of] significant emotional harm." Dawson v. Wash. Mut. Bank. F.A., 390 F.3d 1139, 1149–50 (9th Cir. 2004).

At the January 22, 2013 hearing, Plaintiff Kristin Page testified as to Plaintiffs' emotional distress damages. She testified that Plaintiffs hired Defendants to consolidate her family's debt and to correspond with Plaintiffs' creditors. Plaintiffs thought that Defendants would pay off Plaintiffs' debt with the money that Plaintiffs paid to Defendants every month. She also testified that Defendants told Plaintiffs to stop all communication with their creditors, which they did. She stated that thereafter, she was shocked and surprised to be served with a lawsuit by a creditor. She testified that she was scared and believed that more lawsuits would be filed due to nonpayment of debt. Ms. Page testified that Defendants' failure to consolidate Plaintiffs' debt and pay off their creditors negatively impacted her family and caused Plaintiffs to lose sleep, to be scared and to file for bankruptcy. Ms. Page testified that Defendants' conduct delayed the repair of Plaintiffs' credit. She concluded that the experience was "horrible," and that it was the scariest thing that has happened in her life. Although Ms. Page stated that it was difficult to place a value on the emotional distress suffered by Plaintiffs, she believes that the emotional distress damages are valued at $5,000. See also Page Decl. ¶ 5. The Court finds this evidence sufficient to establish that Plaintiffs suffered significant emotional harm in the amount of $5,000.

Plaintiffs also actual damages in the amount of $3,700.00 in unreturned fees. Ms. Page alleges in her declaration that she and her husband signed up with Defendants' company based on their website advertising, and paid Defendants $5,400.00 in monthly payments. Page Decl. ¶ 3. She states that after many months and many monthly payments, Plaintiffs discovered that nothing was

8

being done for them, so they demanded the return of their money. Page Decl. ¶ 4. Defendants returned $1,700.00. Page Decl. ¶ 4. Thus, Plaintiffs argue that they are owed $3,700.00 in unreturned fees. Page Decl. ¶ 4. The Court finds these damages to be well-documented and therefore, Plaintiffs are entitled to recover them as actual damages.

Plaintiffs have also sought an award of actual costs to date of $589.55. See Price Decl. ¶ 4; Page Decl. ¶ 8. These costs are recoverable under the FDCPA and the RFDCPA. See 15 U.S.C. § 1692k(a)(3) ("in the case of any successful action to enforce the foregoing liability, [a debtor is entitled to] the costs of the action, together with a reasonable attorney's fee as determined by the court."); Cal. Civ. Code § 1788.20(c) ("In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action."). The Court therefore recommends awarding the amount of actual costs in the amount of $589.55.

Plaintiffs also request $ 5,180.00 in attorneys' fees. See Price Decl. ¶ 4, Ex. 1; Supp. Price Decl. ¶ 4; Page Decl. ¶¶ 7-8. The FDCPA and the RFDCPA permit an awards of reasonable attorney's fees. See 15 U.S.C. § 1692k(a)(3) (debt collector liable "in the case of any successful action to enforce the foregoing liability, [for] the costs of the action, together with a reasonable attorney's fee as determined by the court."); Cal. Civ. Code § 1788.30(c) ("Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor; . . .."). The Ninth Circuit has stated:

> District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case. The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

Camacho v. Bridgeport Fin., Inc., 523 F.3d 978 (9th Cir. 2008) (relying on Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1147-48 (9th Cir. 2001) (per curiam)).

Here, counsel spent a total of 14.80 hours in attorney time in this case. Price Decl. Ex. 1; Supp. Price Decl. ¶ 4. This case was filed on July 31, 2012, and proceeded by way of default. The Court finds that the hours worked by counsel were reasonable. Further, counsel's hourly rate of $350.00 is reasonable in the Northern District of California for this type of case. See, e.g., Palmer v.

9

Far West Collection Servs., Inc., 2008 WL 5397140 (N.D. Cal. Dec. 18, 2008) (awarding fees in successful FDCPA action for three attorneys at rates of $325 and $465 per hour).

**Conclusion**

For the reasons set forth above, and for good cause shown, the Court recommends that Plaintiffs' motion for default judgment be granted and that default judgment be entered against Defendants in the amount of $16,469.55 ($8,700.00 in actual damages; $2,000 in statutory damages; $5,180.00 in attorneys' fees; and $589.55 in costs).

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: January 30, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge